UNITED STATES of America ex rel.
Rosbel DE LA FUENTE,
Appellant,
v.
General J. H. SWING et al., Appellees.

No. 16169.

United States Court of Appeals.
Fifth Circuit.

Dec. 21, 1956.

C. E. Blodget, Edinburg, Tex., Roy D. Buckley, Mission, Tex., for appellant.

Brian S. Odem, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

By a petition for habeas corpus and for an injunction, appellant, a Mexican citizen who had admittedly entered the United States illegally, sought to be released from custody under, and relieved from the compulsion of, an order of the immigration authorities entered in a deportation hearing held March 16, 1954. This order excluded him from admission to the United States and ordered him deported to Mexico on the ground that in the year 1949, at a hearing in connection with an effort then made to enter the United States on a four months' passport issued by the American Consul, he had admitted the commission of a crime involving moral turpitude, to-wit, perjury.

His claim was not that he was not subject to deportation for having made an illegal entry, indeed he admitted that he was. It was that he did not commit perjury as charged and found and was, therefore, not subject to exclusion as within one or more of the classes of aliens excludable by law at the time of such entry.

The respondents joining issue with petitioner's claims, there was a full

hearing on the facts, and the district judge, on a full statement of the facts found and concluded that petitioner had failed to sustain his allegations and denied the writ of habeas corpus prayed for.

Aggrieved thereat, petitioner is here insisting: that the evidence does not sustain the findings, the order must be reversed, and the appellant must be given a discharge.

We agree with the statement made by the district judge in his opinion, in substance that, in view of petitioner's family circumstances, with an American wife and children in the United States, and the fact that nothing is charged against him but illegal entry and an admission made by him some seven years ago that he had committed the crime of perjury, the stark result of the exclusion order will, unless relieved against, be tragic. We must, however, as the district judge did, leaving to those whom the statute has charged with them considerations of amelioration, conclude that the record furnishes no basis for awarding appellant either judicial relief from the order or release from custody.

An examination of the facts, as the record discloses them and as they are carefully and correctly stated in the opinion [1] of the district judge, leaves us in no doubt that, whatever may be said in favor of executive amelioration, the charge on which the exclusion order was based was sustained by the evidence. In short, while appellant may not have appreciated the full effect on him and his future of his answers to the questions put to him on November 3, 1949, at the hearing before a Board of Special Inquiry, there is no getting away from the fact that he did answer: "I started lying at the American Consulate because I was afraid I would be denied a card to come to the United States, and I kept on lying about being in the United States."; and that during that hearing he admitted the commission of a crime involving moral turpitude when, under oath and advised of

the penalties of perjury, he denied that he had ever entered the United States or had ever been sent back to Mexico, and stated that he had never been granted a voluntary return in lieu of deportation.

No ground for its reversal appearing, the order appealed from is Affirmed.

